IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


**ANTHONY DELLARCIRPRETE,**

       Petitioner,

v.                            Civil Action No. 1:05-CV-143

**DOMINIC GUTIERREZ,**

       Respondent.


**ORDER AFFIRMING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

### I. Introduction

On October 7, 2005, the petitioner, Anthony Dellarciprete ("Dellarciprete"), an inmate at the Federal Correctional Institution in Morgantown, West Virginia ("FCI-Morgantown"), filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241, asserting that the Federal Bureau of Prisons ("BOP") "arbitrarily, capr[i]ciously, and wrongfully denied [him entry] into the 500 Hour RDAP Program" – a program that, had he successfully completed it, may result in his early release. By standing order, the Court referred Dellarciprete's petition to Magistrate Judge James E. Seibert, who, on December 29, 2006 issued a Report and Recommendation ("R&R") recommending that Dellarciprete's petition be dismissed with prejudice. After conducting a de novo review of

**Dellarciprete v. Gutierrez**                                            1:05cv143

**ORDER AFFIRMING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Dellarciprete's objections to the R&R, the Court agrees, **AFFIRMS** the magistrate judge's Report and Recommendation and **DISMISSES WITH PREJUDICE** Dellarciprete's 28 U.S.C. § 2241 petition.

## II.  Background

On April 13, 2004, in the Northern District of Ohio, Dellarciprete was convicted of mail fraud, wire fraud and conspiracy and sentenced to fifty months of imprisonment. The BOP designated Dellarciprete to FCI-Morgantown to serve his sentence until his projected release date of April 2, 2008.

While in prison, Dellarciprete applied for admittance to the BOP's Residential Drug Abuse Treatment Program ("RDAP") – a lengthy in-house drug treatment program that provides 500 hours of intensive drug rehabilitation.  Beyond its rehabilitative potential, the RDAP also provides certain prisoners who successfully complete it the possibility of a one-year early release.  Since its inception, the attractiveness of this early-release feature has resulted in a flood of applications for the program.  In an effort to stem the tide of applicants seeking only early release from the program, the BOP, through federal regulations, has created screening protocols to evaluate a prisoner's RDAP eligibility.  In this case, Dellarciprete argues alternatively that 1) those protocols are unreasonable, and that 2)

**Dellarciprete v. Gutierrez**                                    1:05cv143

**ORDER AFFIRMING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

the BOP unreasonably applied those protocols to deny him access to the RDAP.

Dellarciprete interviewed for admittance into the RDAP on June 29, 2005. During his interview, Dellarciprete claimed that he had a history of long-term, heavy, poly-substance drug abuse. Those claims, however, were in contrast to the history of only occasional marijuana use and weekend drinking that Dellarciprete reported to the probation officer who prepared his pre-sentence investigation report ("PSR"). Based on Dellarciprete's inconsistent claims, BOP officials denied his application to enter the RDAP.

On September 15, 2005, Dellarciprete challenged the BOP's RDAP eligibility determination by taking the first step in the available administrative remedy procedure. Subsequently, the respondent, Warden Dominic Gutierrez ("Gutierrez"), denied Dellarciprete's request for RDAP entry, but advised him that he was eligible for the BOP's 40-hour outpatient drug treatment program.[1] Dellarciprete did not enter the 40-hour program, but rather appealed Gutierrez's decision to the next administrative levels:

---

[1] Unlike successful completion of the RDAP, successful completion of the BOP's 40-hour, outpatient drug treatment program does not qualify a prisoner for early release.

first, to the Mid-Atlantic Regional RDAP Office, and, after being denied there, to the BOP's Central Office.

On October 7, 2005, Dellarciprete petitioned this court for a writ of habeas corpus. Citing his PSR, BOP guidelines and statements contained in the forms denying him administrative remedies, Dellarciprete claimed that he was "arbitrarily, capr[i]ciously, and wrongfully" denied entry into the RDAP in violation of the statutes governing the BOP's administration of the RDAP as well as the Due Process and Equal Protection clauses of the Fifth Amendment of the United States Constitution. After several false starts and appeals, due in part to his failure to sign the proper forms, Dellarciprete filed a Notice of Exhaustion of Administrative Remedies on May 9, 2006 while his habeas petition was already before the Court.

Dellarciprete's petition was referred to Magistrate Judge Seibert pursuant to 28 U.S.C. § 636(b)(1). After an initial screening, Magistrate Judge Seibert ordered Gutierrez to respond to Dellarciprete's petition and to show cause as to why a writ of habeas corpus should not be issued. Gutierrez responded on March 3, 2006, followed by Dellarciprete's Motion for Summary Judgment on April 27, 2006, and Gutierrez's further response on May 8, 2006. Magistrate Judge Seibert issued his R&R on December 29, 2006,

finding that the BOP had statutory discretion to deny Dellarciprete entry into the RDAP. On January 11, 2007, Dellarciprete filed his objections to the magistrate judge's R&R and the Court now considers his objections and any remaining issues.

### III. Magistrate Judge's Report and Recommendation

Reviewing first Dellarciprete's exhaustion of administrative remedies, Magistrate Judge Seibert found that, though Dellarciprete had not exhausted his remedies prior to filing his habeas petition, he did exhaust them sometime during the pendency of his petition. Therefore, for the sake of judicial efficiency, the magistrate judge concluded that the petition should proceed.

Magistrate Judge Seibert next conducted a detailed review of RDAP law and policy. He found that, pursuant to 18 U.S.C. § 3621, the BOP has authority to create drug treatment programs such as the RDAP, and has significant discretion in implementing such programs. Specifically, the magistrate judge found that the BOP's discretion to determine RDAP eligibility is subject to judicial review only to determine (1) whether a prisoner presents a cognizable constitutional claim, and (2) whether the BOP's interpretation of the authorizing statutes is reasonable.

Thereafter, Magistrate Judge Seibert addressed Dellarciprete's Due Process and Equal Protection Clause claims. He found several

**Dellarciprete v. Gutierrez**                                                   1:05cv143

**ORDER AFFIRMING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

mandatory authorities directly on point and contrary to Dellarciprete's position, and, accordingly, recommended that Dellarciprete's constitutional claims be dismissed.

In reviewing the BOP's implementation of the governing statutes, Magistrate Judge Seibert focused on sections of the Code of Federal Regulations and BOP Program Statements that implement 18 U.S.C. § 3621 et seq. and condition RDAP eligibility on the prisoner's ability to verifiably document his drug abuse history. The magistrate judge found that both the BOP's verification requirements as well as its substantive reliance on the Diagnostic and Statistical Manual of Mental Disorders, Fourth Edition ("DSM-IV") were reasonable. Further, in applying those reasonable procedures to Dellarciprete's inconsistently documented drug history, the magistrate judge found that the BOP did not violate applicable law or Dellarciprete's rights in denying his application for entry into the RDAP. Finally, Magistrate Judge Seibert noted Dellarciprete's failure to pursue drug treatment through the 40-hour outpatient program, reasoning that if Dellarciprete's intent was to seek help for his drug abuse and not to merely avail himself of the possibility of early release, he would have enrolled in whatever programs were available to him.

### IV. Dellarciprete's Objections to the Magistrate Judge's Report and Recommendation

Dellarciprete objects to Magistrate Judge Seibert's review of the BOP's statutory interpretation by reiterating his claim that the BOP arbitrarily and capriciously disregarded supporting documentation that established his eligibility for the RDAP. Relying heavily on a California District Court case, Dellarciprete contends that conditioning RDAP eligibility on the verification of drug abuse history is, in and of itself, an abuse of agency discretion under the applicable statute and, moreover, that the BOP abused its discretion in applying the verification requirement to the facts of his case.  Additionally, Dellarciprete claims that the BOP has delayed his entry into other drug treatment programs on some unspecified grounds of retaliation.

### V.  Standard of Review

The Court will review *de novo* any portions of the magistrate judge's Report and Recommendation to which a specific objection is made, Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983), and the Court may adopt, without explanation, any of the magistrate judge's recommendations to which the prisoner does not object. Id.

Here, Dellarciprete did not object the portions of the magistrate judge's R&R regarding the exhaustion of administrative

remedies, and recommending the dismissal of his constitutional claims. Accordingly, the Court **ADOPTS** Magistrate Judge Seibert's recommendations with regard to those issues, **FINDS** that Dellarciprete exhausted his administrative remedies and **DISMISSES WITH PREJUDICE** Dellarciprete's Due Process and Equal Protection Clause claims.

## VI. Analysis

The focus of Dellarciprete's petition, and the only issue on review before this Court, is whether the BOP's refusal to allow Dellarciprete to enter the RDAP constituted an unreasonable interpretation and implementation of the statute authorizing the RDAP program.

Guttierez and the BOP contend that Dellarciprete was properly denied entry into RDAP because of inconsistencies between his RDAP eligibility interview (in which he claimed an extensive drug abuse history) and statements made in his PSR (in which he reported a history of controlled drinking and occasional marijuana use years before). Though Dellarciprete's file contains affidavits from his family members attesting to his history of drug abuse, the BOP argues that such documentation is insufficient to qualify him for the RDAP because the affidavits, received after Dellarciprete was incarcerated, are unreliable. (Response to Administrative Remedy

**ORDER AFFIRMING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Regional Appeal, Document 11-9). Dellarciprete's file also contains a letter from his family doctor who notes that "alcohol misuse" contributed to Dellarciprete's gastroesophageal reflux disease, but who does not corroborate Dellarciprete's claimed history of heavy drug use. Dellarciprete, as noted previously, objects to both the general requirement of drug abuse history verification as well as the BOP's application of the verification process to the facts of this case.

In order to analyze Dellarciprete's objections, the Court must consider the relationship that the BOP's guidelines have to the statutory law authorizing those guidelines. Though the BOP is given significant statutory discretion in operating the RDAP program,[2] its program statement setting forth its interpretation of a governing statute "lack[s] the force of law" and is not entitled to deference pursuant to Chevron U.S.A., Inc. v. Natural Resources

---

[2] See Downey v. Crabtree, 100 F.3d 662, 666 (9th Cir. 1996) (Congress has given the BOP "broad discretion over the entire drug-treatment process within the federal corrections system, beginning with determining which inmates ever enter substance-abuse programs'); Batiste v. Menifee, 2006 WL 2078186, *3 (W.D.La.,2006) ("An inmate's eligibility for participation in RDAP, the determination of whether an inmate has successfully completed the program, and the amount, if any, of reduction of sentence earned by successful completion of the program, are all matters left to the discretion of the BOP") (citing Lopez v. Davis, 521 U.S. 230, 241 (2001)); Davis v. Beeler, 966 F. Supp. 483, 489 (E.D. Ky. 1996) (judicial review of BOP discretion is limited only to constitutional claims and whether the agency's interpretation is contrary to well-settled law). See also Virtue v. Gutierrez, 2005 U.S. Dist. LEXIS 27756 (N. D. W. Va. 2005) (BOP has authority to determine if early release under RDAP is warranted) (Keeley, J.).

Defense Council, Inc., 467 U.S. 837 (1984). See Trowell v. Beeler, 135 Fed.Appx. 590, 595 (4th Cir. 2005) (citing Christensen v. Harris County, 529 U.S. 576, 587 (2000)). The program statements are "entitled to respect," however, but only to the extent that they have the "power to persuade." Id. The persuasive power of the BOP's program statement "will depend upon the thoroughness evident in its consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it power to persuade, if lacking power to control." Skidmore v. Swift & Co., 323 U.S. 134, 140 (1944).

The statute authorizing the BOP's RDAP program is 18 U.S.C. § 3621, which reads in pertinent part:

> the Bureau of Prisons shall, subject to the availability of appropriations, provide residential substance abuse treatment (and make arrangements for appropriate aftercare) . . . for all eligible prisoners . . . . [T]he term 'eligible prisoner' means a prisoner who is . . . determined by the Bureau of Prisons to have a substance abuse problem.

§§ 3621(e)(1), (e)(5)(B)(i). The Code of Federal Regulations states that RDAP eligibility requires "a verifiable documented drug abuse problem," 28 C.F.R. § 550.56(a)(1), and the BOP's own guidelines require that:

**Dellarciprete v. Gutierrez** 1:05cv143

**ORDER AFFIRMING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

> [a]n Inmate must meet all the following criteria to be eligible for the residential drug abuse treatment program.
>
> (1) The inmate must have a verifiable documented drug abuse problem.
> Drug abuse program staff shall determine if the inmate has a substance abuse disorder by first conducting the <u>Residential Drug Abuse Program Eligibility Interview</u> followed by a review of all pertinent documents in the inmate's central file to corroborate self-reported information. The information must meet the diagnostic criteria for substance abuse or dependence indicated in the <u>Diagnostic and Statistical Manual of the Mental Disorders, Fourth Edition, (DSM-IV)</u>. This diagnostic impression must be reviewed and signed by a drug abuse treatment program coordinator.
>
> Additionally, there must be verification in the Presentence Investigation (PSI) report or other similar documents in the central file which supports the diagnosis. Any written documentation in the inmate's central file which indicates that the inmate <u>used the same substance</u>, for which a diagnosis or dependence was made via the interview, shall be accepted as verification of a drug abuse problem.

BOP Program Statement 53310, § 5.4.1(a)(1) (emphasis in original) (available at http://www.bop.gov/policy/progstat/5330_010.pdf). Specifically, the BOP, following language of the DSM-IV, requires that an inmate document his substance abuse problem during the twelve-month period prior to his incarceration. (<u>See</u> Declaration of Edward Baker, Drug Abuse Treatment Coordinator at FCI Morgantown, Document 11-2, paragraph 13).

Here, the Court finds that the BOP's guidelines for RDAP eligibility are persuasive and reasonable. Soon after RDAP

-11-

**Dellarciprete v. Gutierrez**                                    **1:05cv143**
 **ORDER AFFIRMING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

programs were first authorized, "droves of prisoners" applied for entry. Laws v. Barron, 348 F. Supp. 2d 795, 800 (E. D. Ky. 2004). The possibility of early release after successfully completing the RDAP would naturally be attractive to any prisoner, and it is reasonable for the BOP to adopt screening processes to make sure that the applicants are legitimately qualified for the program.

Further, the BOP's reliance on the DSM-IV to help determine the terms of eligibility is likewise reasonable.[3] Specifically, the BOP's requirement for documentation of drug abuse in the twelve months prior to the prisoner's incarceration is reasonably tied to the DSM-IV's diagnostic guidelines that refer to substance abuse within the preceding twelve months. See Goren v. Apker, 2006 U.S. Dist. LEXIS 22110, *16 (S.D.N.Y. 2006) ("The publication [DSM-IV] defines 'substance dependence' and 'substance abuse' as 'a maladaptive pattern of substance use, leading to clinically significant impairment or distress . . . in [a] 12-month period.'").

---

[3] The DSM "provides a standard, comprehensive diagnostic tool for evaluating mental disorders, and reflects a consensus opinion of the medical community at the time of publication." United States v. Thomas, 2006 U.S. Dist. LEXIS 3266, *9 (D. Md. 2006). Courts have routinely relied on the DSM-IV as a foundation for expert diagnoses. Id. (citing United States v. Barnette, 211 F.3d 803, 816 (4th Cir. 2000)).

**Dellarciprete v. Gutierrez**                                           **1:05cv143**

**ORDER AFFIRMING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

The case that Dellarciprete cites to challenge the reasonableness of the BOP's reliance on the DSM-IV, Mitchell v. Andrews, 235 F. Supp. 2d 1085, 1090-1091 (E. D. Cal. 2000), states that "[t]he DSM-IV does not require documentation of substance abuse or dependency during the 12-month period immediately preceding either a diagnostic interview, arrest, or incarceration." Id. at 1090. Beyond that statement, however, the Mitchell Court does not explain why such a documentation requirement, tailored to the needs of an institution seeking to verify prisoner claims, would be present in a purely diagnostic manual. Indeed, the twelve-month symptom-free period mentioned in the DSM-IV is highly relevant to determination of RDAP eligibility since, if verified, it may suggest that the prisoner is in remission and does not need further treatment. See Declaration of Edward Baker, Document 11-2, paragraph 13. Therefore, in light of the persuasive reasoning underlying the BOP's RDAP eligibility requirements, the Court concludes that the BOP requirements for RDAP eligibility are reasonable.[4]

---

[4] This Court joins several other Courts that have reached the same conclusion. See e.g. Quintana v. Bauknecht, 2006 WL 1174353 (N. D. Fla. 2006); Batiste v. Menifee, 2006 WL 2078186, *3 (W.D.La. 2006); Montilla v. Nash, 2006 WL 1806414 (D.N.J. 2006); Goren v. Apker, 2006 U.S. Dist. LEXIS 22110, (S.D.N.Y. 2006); Calhoun v. Warden, F.C.I. Texarkana, 2006 WL 887677 (E.D.Tex. 2006); Shew v. FCI Beckley, 2006 U.S. Dist. LEXIS 89475 (S. D. W.Va. 2006); Laws v. Barron, 348 F.Supp.2d 795 (E.D.Ky. 2004).

Moreover, when the facts of this case are applied to those requirements for RDAP eligibility, it is similarly clear that Dellarciprete's petition was properly denied. In his pre-sentence report, Dellarciprete admitted that he smoked marijuana a few times several years ago, but has never used any other illicit drugs. Further, while noting that he drank alcohol occasionally, he claimed that he had no problem controlling his drinking. (Document 1, p. 15, citing Dellarciprete's pre-sentence report).

Though Dellarciprete changed his story when seeking entry into the RDAP, the doctors he solicited to verify his claims of heavy drug use did not do so. Additionally, the affidavits submitted by Dellarciprete's family members nearly two years after Dellarciprete first attempted to enter the RDAP have the same reliability problems that Dellarciprete's self-reported allegations have. The claims present in his family members' affidavits were absent in his pre-sentence report - a thorough investigative report, based largely on his own testimony and that he reviewed without objection.

In summary, the Court finds that the BOP's guidelines implementing 18 U.S.C. § 3621 are reasonable and were reasonably applied to Dellarciprete. Accordingly, the Court **AFFIRMS** the

**Dellarciprete v. Gutierrez**                                          1:05cv143

**ORDER AFFIRMING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Magistrate Judge's Report and Recommendation and **DISMISSES WITH PREJUDICE** Dellarciprete's claims regarding RDAP eligibility.

### VII.  Conclusion

For the foregoing reasons, the Court **AFFIRMS** Magistrate Judge Seibert's Report and Recommendation, (doc. no. 17), and **DENIES and DISMISSES WITH PREJUDICE** Dellarciprete's 28 U.S.C. § 2241 petition (doc. no. 1) and supplemental motion (doc. no. 12).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to counsel of record and all appropriate agencies, and to mail a copy of this Order to the petitioner, certified mail, return receipt requested.

Dated:  March 5, 2007

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE